IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAWS INC., | Case No.  4:24-cv-03221 |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT** |
| RICARDO FERNANDEZ, AND RICARDO DANIEL FERNANDEZ, | |
| Defendants. | |

COMES NOW Defendants Ricardo Fernandez ("Rick") and Ricardo Daniel Fernandez ("Ricky"), collectively ("Defendants"), and for their Answer to Plaintiff's Complaint (the "Complaint") [Filing No. 1], admits, alleges, and denies as follows:

### THE PARTIES

1.      Daws, Inc. is a Nebraska corporation with its principal place of business in Nebraska.

**ANSWER:** Admitted.

2.      Ricardo Fernandez ("Rick") is a citizen and resident of the State of Illinois.

**ANSWER:** Admitted.

3.      Ricardo Daniel Fernandez ("Ricky") is a citizen and resident of the State of Illinois.

**ANSWER:** Admitted.

4.      Upon information and belief, none of the parties to this Complaint are incompetent, minors, or members of the military forces of the United States of America or any of its allies.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

5.     This Court has general subject matter jurisdiction over this action.

**ANSWER:** Defendants admit and allege this Court has subject matter jurisdiction over this action.

6.     This Court has personal jurisdiction over Rick because he purposefully availed himself of the laws of the State of Nebraska by personally guaranteeing payment of a promissory note between Daws, Inc., and Jim Daws Trucking, LLC ("JDT") a Nebraska limited liability company and by entering into a separate pledge agreement with Daws, Inc.

**ANSWER:** Defendants admit and allege this Court has personal jurisdiction over Rick.

7.     This Court has personal jurisdiction over Ricky because he purposefully availed himself of the laws of the State of Nebraska by personally guaranteeing payment of a promissory note between Daws, Inc., and JDT and by entering into a separate pledge agreement with Daws, Inc.

**ANSWER:** Defendants admit and allege this Court has personal jurisdiction over Ricky.

8.     Venue is proper in this Court pursuant to Neb. Rev. Stat. § 25-403.01(4) because all defendants are non-residents of Nebraska.

**ANSWER:** Defendants admit venue is proper in this Court.

2

## GENERAL ALLEGATIONS

### The Note

9.    On May 4, 2022, JDT executed a promissory note in which Daws, Inc. loaned JDT $4,000,000.00 (the "Note").

**ANSWER:** Admit JDT executed a promissory note. Deny that Daws, Inc. loaned JDT $4,000,000.00.

10.    A true and correct copy of the Note is attached hereto as Exhibit A.

**ANSWER:** Admit that a note, which was Exhibit B to an Asset Purchase Agreement, was attached to the Complaint as Exhibit A.

11.    Rick and Ricky signed the Note personally guaranteeing payment of the Note.

**ANSWER:** Admitted.

12.    Pursuant to the Note, JDT was required to pay Daws, Inc. $65,819.05 per month in principal, plus interest (the "Monthly Payment"), on or before the first day of each month until December 1, 2027.

**ANSWER:** Admitted.

13.    On October 1, 2024, JDT failed to make its Monthly Payment that was due on the Note.

**ANSWER:** Admit that no payment was made on October 1, 2024, but deny any payment was due as of that date.

14.    JDT's failure to pay the Monthly Payment was an event of default under the Note (the "Default").

**ANSWER:** Denied.

15. On October 16, 2024, Daws, Inc. issued a notice of default and acceleration of the Note to JDT, Rick, and Ricky.

**ANSWER:** Admit.

16. As of October 1, 2024, the unpaid principal balance of the Note was $2,442,868.43 with interest accruing at 3% per annum, or $200.78 per day (the "Balance")

**ANSWER:** Denied.

17. Despite Daws, Inc's demand, JDT, Rick, and Ricky have failed and refused to pay the Balance.

**ANSWER:** Admitted.

## FIRST CLAIM – BREACH OF CONTRACT

18. Daws, Inc. incorporates the allegations in paragraphs 1 through 17 as though fully set forth herein.

**ANSWER:** Paragraphs 1–17, above, are incorporated as if fully set forth herein.

19. The Note is a contract.

**ANSWER:** Denied.

20. Daws, Inc. loaned JDT $4,000,000 under the Note thereby performing all conditions precedent to the Note.

**ANSWER:** Denied.

21. Rick and Ricky personally guaranteed JDT's performance under the Note.

**ANSWER:** Admitted.

4

22.   JDT has failed to pay all amounts when due under the Note in breach of the Note.

**ANSWER:** Denied.

23.   As a result of JDT's breach, the total remaining balance of the Note is accelerated and due.

**ANSWER:** Denied.

24.   Daws, Inc. demanded that Rick and Ricky pay in full of the Balance of the Note.

**ANSWER:** Admitted.

25.   By failing to pay the Balance, Rick and Ricky have breached their obligations under the Note.

**ANSWER:** Denied.

26.   As a direct and proximate result of Rick and Ricky's breach, Daws, Inc. has been damaged in the amount of $2,442,868.43 with interest accruing at 3% per annum, or $200.78 per day from October 1, 2024.

**ANSWER:** Denied.

**AFFIRMATIVE DEFENSES**

27.   The Complaint fails to state a claim on which relief may be granted.

28.   When Daws, Inc. entered into the Asset Purchase Agreement and the Note, its principal, Jim Daws, concealed material facts concerning the transaction from JDT, including (a) that he did not intend to transfer certain assets of the business of Daws Trucking, including the DOT Number and trade name used in its business, (b) the number of trucks he continued to own through

5

other entities, and (c) that he did not intend to comply with his obligations under the noncompete agreement he executed in the Asset Purchase Agreement, with the result that the Note is not an enforceable contract.

29.    The Note was executed as part of an Asset Purchase Agreement between JDT, on the one hand, and Daws, Inc., Jim Daws, and Lana Daws, on the other hand. Any obligations JDT, Rick, and Ricky had under the Note were excused by prior material breaches of the Asset Purchase Agreement by Daws Inc., Jim Daws, and Lana Daws.

30.    Any amounts for which the Defendants may be found to be liable to Daws, Inc. under the Note must be set off against greater amounts for which Daws, Inc. is liable to pay JDT for breach of contract.

WHEREFORE, Defendants pray that judgment be entered herein in their favor and against Plaintiff, and that they be awarded its costs and expenses, including reasonable attorney's fees, as provided by law and such other relief as the Court deems just and equitable.

Dated: December 20, 2024.

RICARDO FERNANDEZ AND
RICARDO DANIEL FERNANDEZ,
Defendants

By:   s/Andre R. Barry
Andre R. Barry #22505
Henry L. Wiedrich #23696
Madeline C. Hasley #27870
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
(402) 474-6900
abarry@clinewilliams.com
hwiedrich@clinewilliams.com
mhasley@clinewilliams.com

## CERTIFICATE OF SERVICE

I, Andre R. Barry, hereby certify that on December 20, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, which sent notification of such filing to all registered case participants.

s/Andre R. Barry
Andre R. Barry

4911-3790-0548, v. 2

7